FILED
SUPERIOR COURT
OF GUAM

2020 MAR 10 PM 2:33

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ELVIS NUTHER aka Ochpe,<br><br>          Defendant. | CRIMINAL CASE NO. CF0602-19<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 10, 2020, for hearing on Defendant Elvis Nuther aka Ochpe's ("Defendant") Motion to Reduce Family Violence Charge to a Misdemeanor ("Motion to Reduce"). Defendant was present with counsel, Attorney William B. Pole, and Assistant Attorney General Brendlynn O. Joseph was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order GRANTING Defendant's Motion to Reduce.

## BACKGROUND

On November 15, 2019, Defendant was indicted with the following charges: (1) Aggravated Assault (As a Third Degree Felony); (2) Family Violence (As a Third Degree Felony); and (3) Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) – 4 Counts. (Indictment, Nov. 15, 2019). These charges stem from allegations of events occurring on two or three different occasions. On or about the evening of September 21, 2019, it is alleged that

Defendant struck his wife Marciana N. Tarongaw's leg with the bumper of a black Nissan Sentra in the parking lot of an apartment complex in Tumon. (Decl. of Courtney Leigh Scalice, Magistrate's Compl., Nov. 7, 2019). GPD Officers observed bruising to Ms. Tarongaw's leg at the time of the report on September 21, 2019. On or about November 4, 2019 at 8:00 p.m., it is alleged that Defendant, while intoxicated, repeatedly stated in Chuukese to K.J.S. (DOB: 09/17/2003) and L.S. (DOB: Unknown) to come over to him so that he could touch them, which they refused. *Id.* Later that night, K.J.S. woke up on four occasions: once, when she felt someone rubbing her buttocks underneath her skirt but over her underwear and saw Defendant remove his arm from her buttocks, a second time when she felt Defendant touching her breasts over her shirt; a third time when she observed Defendant touching L.S.'s breast over her clothes; and a fourth time when she observed Defendant touching L.S.'s buttocks with his hand over her clothes. *Id.* Each time, K.J.S. told Defendant to stop and get away from her or L.S. *Id.* Defendant apologized each time and moved away. *Id.* K.J.S. observed L.S. to be scared and that she used facial expressions and hand gestures to indicate that she wanted the touching to stop on both occasions. *Id.* K.J.S. observed Defendant to be highly intoxicated during these incidents. *Id.*

On January 3, 2020, Defendant filed the instant motion. The Government did not file an Opposition, but orally opposed the motion at the calendared motion hearing on February 10, 2020. The Court subsequently placed the matter under advisement.

## DISCUSSION

Guam law gives the Court the statutory authority and discretion to reduce a felony charge to a misdemeanor charge when the offense involves the crime of Family Violence. *See* 9 G.C.A. § 30.20(b) ("Upon a written, noticed motion prior to the commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), be reduced to a misdemeanor."). The Court is to consider seven factors when determining whether to reduce a Family Violence charge from a felony to a misdemeanor:

(1) the extent or seriousness of the victim's injuries;

(2) the defendant's history of violence against the same victim whether charged or uncharged;

(3) the use of a gun or other weapon by the defendant;

(4) the defendant's prior criminal history;

(5) the victim's attitude and conduct regarding the incident;

(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

(7) the defendant's history or and amenability to counseling.

9 G.C.A. § 30.20(c). *See also People v. Perez*, 1999 Guam 2 ¶ 12 ("The Family Violence Act is a comprehensive statutory scheme that, when viewed as a whole, demands that the prosecuting attorney take into account a defendant's ability to move for a reduction of a felony charge. In the exercise of its discretion, the court is permitted to entertain such a motion and is statutorily required to consider the list of seven factors in its determination of the appropriateness of a felony charge of Family Violence."). The Court's discretion is limited in two ways: (1) if the Court finds substantial evidence that a victim suffered serious bodily injury, a felony family violence charge may not be reduced to a misdemeanor unless, due to unusual circumstances, such a reduction is manifestly in the interest of justice, or (2) if its' a defendant's third offense. *See* 9 G.C.A. §§ 30.20(d) and 30.20(a)(3). The Court notes that it has Defendant's pleading with a written statement from alleged victim Ms. Tarongaw attached, the Government's oral opposition, and the Declaration attached to the Magistrate's Complaint before it for review.

The first factor for the Court to consider is "the extent or seriousness of the victim's injuries." 9 G.C.A. § 30.20(c)(1). The Court is to consider the extent or seriousness of the victim's injuries *as they were inflicted*, not as the defendant may have attempted to cause or recklessly risked causing. *See* 9 G.C.A. § 30.20(b), (c)(1). Here, Defendant argues that the "injuries of the victim were not serious." (Mot. Reduce at 2, Jan. 3, 2020). The Declaration attached to the Magistrate's Complaint identifies that the victim, Ms. Tarongaw, "complained of pain to her leg and GPD officers observed bruising." (Decl. of Courtney Leigh Scalice, Magistrate's Compl., Nov. 7, 2019). Based on the facts presented, the victim suffered bodily

injury, but not serious bodily injury. The Court finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

The second factor is "the defendant's history of violence against the same victim whether charged or uncharged." 9 G.C.A. § 30.20(c)(2). Defendant argues that he does not have a history of violence against the victim, and the Government has not argued nor presented any evidence of a history of violence against the victim. The Court understands that there have been no previous charges of violence by the Defendant against the victim, nor has there been any other indication that he has committed any uncharged violent acts against the victim. Therefore, this factor weighs in favor of granting the motion.

The third factor is "the use of a gun or other weapon by the defendant." 9 G.C.A. § 30.20(c)(3). Here, the facts presented allege that Defendant used a vehicle to cause the bodily injury to the victim. Defendant, however, is not charged with a Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. The victim, in her statement attached to the Motion to Reduce, alleges that she stepped in front of the vehicle and tried to block him because she was trying to stop him because she saw his girlfriend in the car with him. (Mot. Reduce, Ex. A). The Court finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

The fourth factor is "the defendant's prior criminal history." 9 G.C.A. § 30.20(c)(4). The Court understands that Defendant has no prior criminal history. Therefore, this factor weighs in favor of granting the motion.

The fifth factor is "the victim's attitude and conduct regarding the incident." 9 G.C.A. § 30.20(c)(5). According to the victim's statement, she does not believe Defendant is dangerous and that she does not believe he was trying to hurt her. (Mot. Reduce, Ex. A). As noted earlier, she alleges in her statement that she stepped in front of the vehicle and tried to block him. *Id.* The Court finds that this factor also weighs in favor of granting the motion.

The sixth factor is "the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources." 9 G.C.A. § 30.20(c)(6). Here, it is not clear whether alcohol was involved in the September 21,

2019 incident which led to the Family Violence charge. Alcohol, however, may have played a role in the November 4, 2019 incidents that led to the criminal sexual conduct charges, as Defendant was observed to be highly intoxicated on the night in question. Further, in the victim's statement, she states that Defendant "is a nice guy" but that "it's just that the alcohol is the one making him do things like that." (Mot. Reduce, Ex. A). The Court finds that this factor weighs against granting the motion.

The seventh and last factor is "the defendant's history of and amenability to counseling." 9 G.C.A. § 30.20(c)(7). As this is Defendant's first criminal offense, the Court has no other information or history of counseling. Without more, the Court finds that this factor is also equivocal, and neither weighs in favor of nor against the motion.

Therefore, the Court, considering all seven factors, finds that the Second Charge of Family Violence (As a Third Degree Felony) should not remain charged as a felony and GRANTS Defendant's Motion to Reduce Family Violence Charge to a Misdemeanor.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Reduce Family Violence Charge to a Misdemeanor. The parties shall return for a Pre-Trial Conference on April 28, 2020 at 10:00 a.m.

**IT IS SO ORDERED** this 10th day of March, 2020.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

AG, W. Pole

Date 3-10-20 Time 2pm

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Nuther*
Case No.CF0602-19
Decision and Order